ORIGINAL

McCORRISTON MILLER MUKAI MacKINNON LLP

LORRAINE H. AKIBA          2903-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 529-7300
Facsimile:  (808) 524-8293
E-mail:  Akiba@m4law.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 02 2010

at 12 o'clock and 49 min p M.
SUE BEITIA, CLERK

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Audrey Hidano, Henry Iida, Glen Kaneshige, Thomas Toma, Elmer Cabico, Paul C.K. Chang, Ronald Taketa, Clifford Respicio, Russell Young, Mitchell Tynanes, Eric Hashizume, Lance Yoshimura and Keith Hirota; George Ehara; *Apprenticeship & Training Fund by its trustees* Dale Sakamoto-Yoneda; Conrad Murashige, Ron Taketa, Lance Yoshimura, Dean Takahashi, Thomas Toma, Claude Matsumoto, Wil Ideue, Duke Lang, Terry Ikeda, John Bley and John Pitts; *Vacation & Holiday Fund by its trustees* James Watanabe, Wil Ideue, Gerard Sakamoto, Paul Sasaki, Jay Kadowaki; James Watanabe, Jon Tesoro, Mel Fujii, Curtis Kern, Michael Cadaoas, Alfred Dela Cruz, Lani Smithson, Christian Tackett, Paul Silen and Christian Tackett; *Market Recovery* | CIVIL NO. CV 10-00212HG-BMK

FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT STRUCTURAL DYNAMICS, INC.

<u>Hearing:</u>
Date :  August 17, 2010
Time :  1:30 p.m.
Judge: Barry M. Kurren

TRIAL DATE: None |

233643.1

*Program by its trustees* Thalia Choy, )
Alan Shintani, Steven Hidano, Gerard )
Sakamoto, Mark Kapahu, William )
Maglinti, Jr.; Leonard Hoshijo, Lance )
Yoshimura, Peter Robb, Justin Kochi, Bill )
Wilson, Lance Inouye, Craig Fukuda and )
Darren Ho; *Financial Security Fund by its* )
*trustees* Gordon L. Scruton, Lance )
Wilhelm, Conrad Murashige, Kenneth )
Sakurai, Loyce C. Morris, Ronald Taketa, )
Kenneth Spence, Michael Hawes, Kealii )
B. Flood, Malvin Ang, Lance Yoshimura, )
Alan Shintani, Gerry Majkut and Mark )
Luna; *Drywall Training Fund by its* )
trustees Glenn Young; Justin Kochi; )
Myles Hokama; Clyde Takatsuki, Karl )
Sinclair, Lito Alcantra, Denis Mactagone, )
William Maglinti, Jr., Raynard (Shayne) )
Chung, Reynaldo Tabura, Bert Beaman, )
Mike Goodnight; 401-*K Fund by its* )
*trustees* Gordon Scruton, Conrad )
Murashige, Kenneth Sakurai, Lance )
Wilhelm, Loyce C. Morris, Malvin Ang, )
Ronald Taketa, Lance Yoshimura, )
Kenneth Spence, Michael Hawes, Kealii )
B. Flood, Alan Shintani, Gerry Majkut )
and Mark Luna )
)
    Plaintiffs, )
  vs. )
)
STRUCTURAL DYNAMICS, INC.; )
JOHN DOES 1-100; JANE DOES 1-100; )
DOE CORPORATIONS 1-100; DOE )
PARTNERSHIPS 1-100; DOE )
ENTITIES 1-100; DOE )
GOVERNMENTAL UNITS 1-100, )
)
    Defendants. )
————————————————— )

FINDINGS AND RECOMMENDATION TO ENTER
DEFAULT JUDGMENT AND AWARD DAMAGES
AGAINST DEFENDANT STRUCTURAL DYNAMICS, INC.

On April 14, 2010, Plaintiffs, Trustees of the Hawaii
Carpenters Trust Funds (hereinafter referred to as "Plaintiffs" or
"Trust Funds"), by and through their attorneys, McCorriston Miller
Mukai MacKinnon LLP, filed this action for damages against
Defendant Structural Dynamics, Inc. (hereinafter "Defendant"),
alleging that Defendant materially breached its collective bargaining
and trust agreements (hereinafter referred to as the "CBA") entered
into by Defendant and the United Brotherhood of Carpenters and
Joiners of America, Local 745, AFL-CIO (hereinafter referred as the
"Union"). The Trust Funds' claim that Defendant failed to contribute
and pay to the Trust Funds certain employee benefit contribution
arising from work performed by Defendant's covered employees,
which amounts should be paid to the Trust funds on or before the
due dates as specified in the CBA and disclosed by an audit of
Defendant's payroll records conducted in accordance with the terms
of the CBA.

Jurisdiction of this Court is based on the Labor-Management
Relations Act of 1947, as amended (29 U.S.C. Section 185(a)) and

the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended (29 U.S.C. Sections 1132 and 1145).

Service of process was made on Defendant on April 26, 2010 as is evidenced by the Return of Service filed herein on April 27, 2010. The clerk entered default against Defendant on June 2, 2010.

On July 9, 2010, the Trust Funds filed a motion for default judgment against Defendant, seeking to recover a money judgment for contributions owed and including liquidated damages and with additional per diem interest until satisfaction of judgment, and attorneys' fees and costs to date, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization for the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees. The Trust Funds also sought an award of attorney's fees in accordance with the terms of the CBA and in accordance with 29 U.S.C. § 1132(g)(2)(D). The Trust Funds' Motion for Default Judgment by Court came on for hearing on August 17, 2010 before the undersigned United States Judge, due

notice of said hearing having been provided to Defendant.  Lorraine

H. Akiba appeared on behalf of the Trust Funds.  Defendant failed

to appear and/or respond to the Trust Funds' Motion for Default

Judgment.

## FINDINGS

Having reviewed the Trust Funds' Motion for Default

Judgment, the attached declaration of Lorraine H. Akiba, and the

exhibits thereto, on behalf of the Trust Funds, and the record

established in this action, this Court finds as follows:

1.    At all times material herein, each of the above-named

Trust Funds was, and now is, an employee benefit plan organized

and existing under the laws of the United States and whose

principal offices are in the City and County of Honolulu, State of

Hawaii.  At all times herein mentioned, each of the above-named

Trust Funds was, and now is, an express trust created by a written

trust agreement subject to and pursuant to Section 302 of the

Labor-Management Relations Act (29 U.S.C. §§ 186) and a multi-

employer employee benefit plan within the meaning of the Employee

Retirement Income Security Act (29 U.S.C. § 1002).

2.    Defendant is a Hawaii corporation doing business in the State of Hawaii.

3.    On or about April 25, 1988, Defendant made, executed and delivered to the Union, a certain written collective bargaining agreement, effective August 30, 1987, and amended and effective to and including August 30, 1992 entitled "Certification of Receipt and Acceptance Master Agreement covering Carpenters in the State of Hawaii and Declaration of Trust Agreements Appurtenant thereto" a copy of which is attached to the Complaint filed herein as Exhibit "A" and made a part hereof by reference, by which Defendant agreed to the terms and conditions of the Special Residential Agreement, and the various Trust Agreements establishing each of Plaintiffs' trusts (the "CBA").

4.    Under the terms of the CBA, Defendant promised to contribute and pay to the Trust Funds certain employee benefit trust fund contributions arising from hourly work performed by Defendant's covered employees.

5.    In accordance with the terms of the CBA, Defendant promised to submit timely reports to the Trust Funds reporting hours worked by Defendant's covered employees and to permit

audits of their payroll records to allow Plaintiffs to ascertain whether all contributions due had been paid.

6.    In accordance with the terms of the CBA, Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty percent (20%) of such delinquent and unpaid contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by the CBA, for each delinquency as and for liquidated damages and not as a penalty.

7.    In accordance with the terms of the CBA and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover liquidated damages in a sum equal to 20% of delinquent trust fund contributions not received in accordance with the payment deadlines set forth in the CBA.

8.    Under terms of the CBA and 29 U.S.C. § 1132 (g)(2), the Trust Funds are entitled to recover interest from Defendant at the

rate of twelve percent (12%) per annum on any unpaid trust fund contributions.

9.    Based on information obtained, there is now known to be due, owing and unpaid to Plaintiffs from Defendant, contributions and liquidated damages as follows:

Delinquent trust fund contributions for period
July 2007 through December 2008 ..................$5,949.01

Liquidated damages for period
July 2007 through December 2008..................$1,707.24

12% Interest ...................................................$1,280.23

401 (k) Interest .................................................$55.26

Subtotal.........................................................$8,991.74

Payments Received by HCTF........................... -$3,671.74

TOTAL ..........................................................$5,320.00

together with additional interest at a per diem rate of twelve percent (12%) until judgment is satisfied.

10.    Defendant's obligations to the Trust Funds to pay trust fund contributions are continuing obligations and Defendant may accrue and owe additional trust fund contributions, lost earnings, and liquidated damages up to the time of trial or proof.

11.    Under the terms of the CBA, Defendant promised that if the Trust Funds brought legal action to enforce the agreement against Defendant, Defendant would pay all of the Trust Funds court and audit costs and reasonable attorneys' fees.

12.    Defendant breached the CBA by its continuous failure to pay and transmit employee benefit trust fund contributions to the Trust Funds.

13.    The Trust Funds are not barred or precluded from later seeking all amounts owed for contributions, liquidated damages and interest which may subsequently be discovered through audits or otherwise, arising from work performed Defendant's employees both before and after July 2010.

14.    As fiduciaries, Plaintiff trustees have standing under 29 U.S.C. § 1132(a)(3) and § 1145 to bring this action in this court to seek redress for violations of terms of the plan and to enforce the terms of the plan by obtaining appropriate relief from this court. Section 502(e) of ERISA grants exclusive jurisdiction to the district courts to hear "civil actions under this subchapter brought by the

Secretary [of Labor] or by a participant, beneficiary, [or] fiduciary."
29 U.S.C. § 1132(e)(1).

15.   An award of attorneys' fees to employee benefit plans is
mandatory in all successful actions to recover delinquent
contributions under 29 U.S.C. §§ 1132 and 1145.

16.   This Court reviewed the billing records of Plaintiffs'
counsel and the declarations filed in support of Plaintiffs' motion.
Upon said review, this Court finds attorneys' fees in the total
amount of $1,640.50, and costs in the amount of $505.20 to date,
including fees for the attendance at the hearing for the Motion for
Entry of Default Judgment and finalization of the order and
judgment thereafter to be reasonable, necessarily incurred, and
directly related to the services provided herein.

## RECOMMENDATION

In accordance with the foregoing, this Court FINDS AND
RECOMMENDS that Default Judgment in favor of Plaintiffs
Trustees of the Hawaii Carpenters Trust Funds and against
Defendant for the recovery of damages in the amount of $7,465.70,
inclusive of liquidated damages and per diem interest until

satisfaction of judgment, attorneys' fees and costs to date, including fees for the attendance at the hearing for the Motion for Entry of Default Judgment and finalization of the order and judgment thereafter from the Defendant, without prejudice to the Trust Funds to seek other and further damages from the Defendant arising from unaudited hours worked by Defendant's employees both before and after July 2010.

DATED:  Honolulu, Hawaii, _____ 9.1.2010 _____.

_____
Judge of the Above-Entitled Court

---

*Hawaii Carpenters Trust Funds vs. Structural Dynamics, Inc.,* Civil No. CV10-1-00212 HG BMK;                FINDINGS AND RECOMMENDATION TO ENTER DEFAULT JUDGMENT AND AWARD DAMAGES AGAINST DEFENDANT STRUCTURAL DYNAMICS, INC.